UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Michael Sweesy,                          Civil No. 08-985 (PAM/RLE)

                 Petitioner,

v.                                            **MEMORANDUM AND ORDER**

Federal Bureau of Prisons,

                 Respondent.

---

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R"), dated March 3, 2009. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); Local Rule 72.1. Based on that review, the Court adopts the R&R.

**BACKGROUND**

The Magistrate Judge provided a thorough background of the facts leading up to Petitioner's current action, as well as the history of the relevant legislation and policies. In sum, Petitioner was sentenced in 2001 to a 140-month prison term following his conviction for Attempted Manufacture of Methamphetamine. He received a two-point sentence enhancement for possession of a dangerous weapon during the course of his offense. Congress has authorized the Bureau of Prisons ("BOP") to reduce by up to one year the sentence of a non-violent prisoner who completes a substance abuse treatment program

("RDAP"). 18 U.S.C. 3621(e)(2)(B). The BOP determined that Petitioner was not eligible for early release because of the nature of his two-point enhancement and in light of BOP program statement P.S. 5162.04, which precludes inmates who are convicted of Petitioner's crime and who received the enhancement for possession of a firearm from receiving the early release. Notwithstanding his ineligibility for early release, the BOP decided to transfer Petitioner from the Federal Prison Camp in Tucson, Arizona, to another facility so that he could participate in the RDAP. Ultimately, Petitioner was transferred to the Federal Correctional Institution in Waseca, Minnesota. Petitioner now challenges the BOP's determination that he is ineligible for early release based on his completion of the RDAP.

**DISCUSSION**

Petitioner makes several objections to the Magistrate Judge's R&R. First, Petitioner argues that the R&R is fraudulent because it is unsigned and an abuse of the Magistrate Judge's authority. 28 U.S.C. § 636(b)(1)(B) expressly authorizes the Magistrate Judge to make a report and recommendation in this type of matter. The R&R was electronically signed by the Magistrate Judge, who has otherwise exercised his authority as directed by 28 U.S.C. § 626. Petitioner's objection on this ground is denied.

Next, Petitioner argues that he is entitled to counsel because the current action is ancillary to his criminal conviction. No constitutional right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551 (1987); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Rather, "[a] district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.'" Hoggard, 29 F.3d at 471 (discussing the

factors that guide the district court in exercising its discretion) (quoting Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.1994)).  The issues before the Court are neither legally nor factually complex, Petitioner has adequately briefed them,  and the Court can make a decision on the basis of the record before it.  Therefore, the interests of justice do not require that counsel be appointed for Petitioner, and his request for such appointment is denied.  Further, the current habeas petition is not ancillary to Petitioner's original criminal conviction; Petitioner is seeking a reduction in his sentence due to his participation in the RDAP, not because he challenges his initial conviction or sentence.  See Miranda v. United States, 455 F.2d 402, 404 (2d Cir. 1972) (holding that "ancillary matters" are those involved "in defending the principal criminal charge").

Petitioner next raises a general objection to the Magistrate Judge's finding that the Eighth Circuit has upheld 28 C.F.R. § 550.58 and BOP program statement P.S. 5162.04, whereas the Ninth Circuit has questioned the validity of the regulation and statement. Compare Bellis v. Davis, 186 F.3d 1092 (8th Cir. 1999) with Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).  The federal judicial system is divided into several circuit courts of appeals, each of which have the authority to issue interpretations of federal law that are binding in their respective geographical areas—subject, of course, to the Supreme Court's final interpretative authority.  On certain issues, such as is the case here, the courts of appeals' interpretation of a specific point of law may vary.  Although Petitioner would certainly prefer the result had he been able to properly bring his case in the Ninth Circuit, the fact that the Court of Appeals for the Eighth Circuit reaches a different result does not raise any constitutional concerns.

Finally, there is no evidence that the BOP maliciously transferred Petitioner out of the Ninth Circuit in order to deny him the one-year reduction of his sentence that would result from Petitioner's completing the RDAP. Rather, the evidence suggests that Petitioner was transferred to a facility in the Eighth Circuit facility because Petitioner would be able to begin the RDAP sooner than if he remained on a waiting list at another facility in the Ninth Circuit.

The Magistrate Judge thoroughly discussed and applied the appropriate Eighth Circuit law to Petitioner's case, and the Court endorses the reasoning and result of the R&R. The BOP has exercised its discretion to exclude all prisoners convicted of the crimes that Petitioner was convicted of from eligibility to receive a one-year reduction in their sentences after completing the RDAP. Under controlling law in this Circuit, the Court cannot say that the BOP abused its discretion in so doing.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Court **ADOPTS** the R&R (Docket No. 25);

2. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

3. The Motion for Enlargement of Time (Docket No. 27) is **DENIED as moot**; and

4. Petitioner's Motion for Summary Judgment (Docket No. 23) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: <u>Friday, May 1, 2009</u>

                                            *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge